THIRD DEPARTMENT, JULY, 2017

(July 6, 2017)

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ICELEE BANKS, Appellant. [55 NYS3d 542]—

Rose, J. Appeal from a judgment of the County Court of Sullivan County (McGuire, J.), rendered September 24, 2013, convicting defendant of the crimes of grand larceny in the third degree and falsifying business records in the first degree (16 counts).

Defendant was charged by indictment with grand larceny in the third degree (one count) and falsifying business records in the first degree (16 counts) based upon the allegation that she sought and received $6,551.25 in unemployment benefits during a time when she was actually employed and earning income. A nonjury trial ensued and, after the close of the proof, County Court (LaBuda, J.) granted defendant's motion to dismiss the indictment in the interest of justice. Upon the People's appeal, this Court reversed and reinstated the indictment, finding "that County Court improvidently exercised its discretion" (100 AD3d 1190, 1192 [2012]). Upon remittal, during a conference in County Court's chambers between the court, an Assistant District Attorney and defendant's counsel, the court "dropped a copy of the [Appellate Division] decision on the table" in front of defendant's counsel and stated, "How can you lose one of these things. Make a motion and I will dismiss it again." The People then moved for County Court to recuse itself, alleging that the court had shown bias and prejudged the case. Although County Court did not refute the Assistant District Attorney's account of what had transpired at the conference, it denied the People's motion. One month later, however, County Court sua sponte reversed its determination and the case was reassigned to a different County Judge.

After the case was reassigned, County Court (McGuire, J.) sought input from the parties regarding whether a new trial was warranted in light of the fact that the court did not have the benefit of viewing the witnesses' testimony. The People then moved for a mistrial and requested that County Court find that a manifest necessity existed so that double jeopardy would not preclude a retrial. Alternatively, the People requested that County Court render a verdict on the transcripts before it. Defendant opposed both options, asserting that, on the one hand, County Court was precluded from rendering a verdict because it did not hear the testimony or view the witnesses and, on the other, double jeopardy precluded County Court from declaring a mistrial and ordering a new trial without her consent, which she chose not to give. After numerous conferences with the parties regarding how to proceed, County Court determined that there was no manifest necessity for a mistrial and, therefore, the only viable option was for the court to render a verdict on the transcripts. Accordingly, County Court reviewed the transcripts and found defendant guilty as charged. Defendant appeals.

Defendant now argues that County Court should have ordered a new trial and erred by not doing so. For their part, the People agree that there should have been a new trial. They maintain that there was a manifest necessity for County Court to declare a mistrial and, in light of that, they concede that a new trial is warranted.

It is well settled that the declaration of a mistrial without the defendant's consent bars a retrial on the grounds of double jeopardy unless "there was manifest necessity for the mistrial" (*People v Catten*, 69 NY2d 547, 554 [1987] [internal quotation marks and citation omitted]; *see People v Ferguson*, 67 NY2d 383, 388 [1986]; *Matter of Enright v Siedlecki*, 59 NY2d 195, 199 [1983]; *Matter of Roey v Lopresto*, 122 AD3d 929, 931 [2014]). As is relevant here, Judiciary Law § 21 provides that a trial judge "shall not decide or take part in the decision of a question, which was argued orally in the court, when he [or she] was not present and sitting therein as a judge." This statute has been interpreted to allow a substitute judge to preside over an already-commenced jury trial or decide a purely legal question, but it prohibits a substitute judge from weighing testimony or making factual and credibility determinations when he or she did not hear the witnesses' testimony firsthand (*see People v Hampton*, 21 NY3d 277, 286-287 [2013]; *People v Thompson*, 90 NY2d 615, 621-622 [1997]; *People v Cameron*, 194 AD2d 438, 438-439 [1993]; *cf. State of New York v General Elec. Co.*, 215 AD2d 928, 928-929 [1995]).

Here, Judiciary Law § 21 precluded County Court from rendering a verdict inasmuch as this was a nonjury trial and, in deciding the ultimate issue of guilt, County Court was required to weigh testimony and make factual determinations based upon testimony it did not hear and observe (*compare People v Hampton*, 21 NY3d at 287). In view of the improper comments and actions of County Court (LaBuda, J.) that led to the case being reassigned after the close of proof, coupled with the application of Judiciary Law § 21, we find that a mistrial was manifestly necessary such that double jeopardy does not bar a retrial. Accordingly, we conclude that a new trial is warranted.

Notwithstanding the foregoing, defendant also contends that the People failed to adduce legally sufficient evidence establishing each element of the crimes charged. This claim, if meritorious, would preclude defendant's retrial on a separate double jeopardy ground (*see generally Matter of Suarez v Byrne*, 10 NY3d 523, 532-533 [2008]; *People v Scerbo*, 74 AD3d 1730, 1731 [2010], *lv denied* 15 NY3d 757 [2010]). However, after reviewing the record in the light most favorable to the People, we are satisfied that, as a matter of law, there were sufficient facts adduced to permit a rational factfinder to "logically conclude that the People sustained [their] burden of proof" (*People v Danielson*, 9 NY3d 342, 349 [2007]). Although defendant also raises a weight of the evidence challenge, we are unable to assess whether County Court (McGuire, J.), in the first instance, gave the evidence the weight it should be accorded in light of our conclusion that it was precluded from determining defendant's guilt (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, defendant's contention that the sentence is harsh and excessive need not be reached given that we are remitting the matter for a new trial.

Peters, P.J., Garry, Egan Jr. and Mulvey, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Sullivan County for a new trial.